UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STAFF NURSES UNION, LOCAL 141,

Plaintiff,

v.

PROVIDENCE ST. PETER HOSPITAL,

Defendant.

CASE NO. C08-5703BHS

ORDER GRANTING IN PART AND RENOTING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND REQUESTING ADDITIONAL BRIEFING

This matter comes before the Court on Plaintiff's motion for partial summary judgment. Dkt. 14. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file. The Court hereby grants in part and renotes in part the motion and requests additional briefing

**I. PROCEDURAL HISTORY**

On November 24, 2008, Plaintiff United Staff Nurses Union Local 141 filed a complaint against Defendant Providence St. Peter Hospital requesting that the Court confirm an arbitration award under a collective bargaining agreement. Dkt. 1. On December 12, 2008, Plaintiff filed an amended complaint. Dkt. 5.

On February 2, 2009, Plaintiff filed a motion for partial summary judgment and to limit discovery. Dkt. 14. On May 4, 2009, Defendant responded, argued that Plaintiff's complaint and motion fail to meet Rule 11 standards, and requested an award of attorneys' fees and costs. Dkt. 18. On May 8, 2009, Plaintiff replied. Dkt. 21. On May 13, 2009, Defendant filed a surreply and moved to strike certain portions of Plaintiff's reply brief. Dkt. 23.

ORDER - 1

## II. FACTUAL BACKGROUND

This action arises out of an arbitrator's decision regarding one of Plaintiff's members, Ms. Janet Imus. On January 18, 2007, Plaintiff filed a grievance alleging that Defendant violated the parties' Collective Bargaining Agreement ("Agreement") by discharging Ms. Imus. Dkt. 5, ¶ 9. Plaintiff claims that Defendant denied the grievance and the matter was submitted to arbitration on March 21 and April 15, 2008. *Id*.

On July 18, 2008, Arbitrator Sylvia Skratek issued an opinion in favor of Ms. Imus. *Id*., Exh. B. Arbitrator Skratek framed the issue as follows: "Did the Employer have just cause to discharge the Grievant? If not, what is the apprpriate remedy?" *Id*. at 5. The arbitrator found that Defendant did not have sufficient cause to discharge Ms. Imus and awarded Ms. Imus reinstatement as well as "**any and all** lost wages and benefits." *Id*. at 18 (emphasis added). Arbitrator Skratek retained jurisdiction over the matter for a period of 30 days, which was extended to 60 days after a mutual request by the parties. Pursuant to the Agreement, the "arbitrator's decision shall be final and binding on all parties." Dkt. 5, Exh. A, Article 16.1, Step 4.

Plaintiff claims that Defendant "has not paid any monies owing to the grievant, Janet Imus pursuant to the make whole portion of the arbitrator's award." Dkt. 15, Declaration of James G. McGuinness, ¶ 3. Plaintiff also claims that Defendant "did not file an action or petition to vacate the arbitration award" and that Defendant did not "file an action to modify or clarify the award." *Id*., ¶ 4.

## III. DISCUSSION

**A. Motion to Strike**

Defendant moves to strike: (1) Plaintiff's submission of an "offer of compromise," (2) Plaintiff's references to the "five month" time period for reinstatement, and (3) Plaintiff's characterization of the Hospital's back pay proposal as "two weeks" of compensation. Dkt. 23 at 1-2. The Court denies these motions as moot because this information was not considered by the Court in the analysis below.

**B.     Summary Judgment**

    **1.     Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

    The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, nonspecific

statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**2.	Plaintiff's Motion**

Plaintiff moves the Court to grant it summary judgment on five separate issues, which are as follows:

> (1) confirming an arbitration opinion and award that issued under its collective bargaining agreement with the Defendant, Providence Health & Services-Washington d/b/a St. Peter Hospital ("the Hospital");
> (2) adjudging that the Hospital has waived all affirmative defenses to enforcement of the remedies in the award;
> (3) awarding the Union its attorneys' fees and costs;
> (4) directing the Hospital to pay interest on back pay due under the arbitration opinion and award; and
> (5) limiting discovery to subjects or issues the Hospital has not waived.

Dkt. 14 at 2.

**a.	Arbitrator Skratek's Opinion and Award**

An arbitrator's award is entitled to deference from a reviewing court, and it should be overturned only if: (1) it does not draw its essence from the collective bargaining agreement, or (2) the arbitrator exceeds the boundaries of the issues submitted, or (3) the award runs counter to public policy. *See SFIC Properties, Inc. v. Int'l Ass'n of Machinists & Aerospace Workers, Local Lodge 311*, 103 F.3d 923, 925 (9th Cir. 1996).

In this case, Defendant has failed to present any evidence that would raise a material question of fact on the issues of whether Arbitrator Shratek's decision is entitled to deference or whether the decision should be overturned for any of the reasons set forth above. Moreover, Plaintiff has shown that it is entitled to judgment as a matter of law because the parties' Agreement explicitly states that the "arbitrator's decision shall be final and binding on all parties." *See supra*. Therefore, the Court grants Plaintiff's motion for summary judgment on this issue and Arbtrator Skratek's award is confirmed.

**b.	Waiver**

A party seeking to challenge an arbitration award issued under a collective bargaining agreement must file suit within 90 days after receiving notice of the award.

ORDER - 4

RCW 7.04A.230 (2); *Sheet Metal Workers Int'l Ass'n, Local No. 252 v. Standard Sheet Metal*, 699 F.2d 481, 483 n.2 (9th Cir. 1983) (state statute of limitations for arbitration awards apply to Section 301 lawsuits); *see also* 9 U.S.C. § 12. "[A] party's failure to petition to vacate an unfavorable award within the applicable statutory period bars the party from asserting affirmative defenses in a subsequent proceeding to confirm the award." *Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County v. Celotex Corp.*, 708 F.2d 488, 490 (9th Cir. 1983).

In this case, Defendant has failed to present any evidence that it moved to vacate Arbitrator Skratek's decision within 90 days after receiving notice of the award. Defendant does, however, argue that there is a dispute as to the amount of Ms. Imus' lost wages. Dkt. 18 at 3-4. Yet, Defendant has failed to provide any authority that this Court is the appropriate forum to resolve this dispute. The only authority before the Court holds that Defendant had 90 days to file a petition to vacate the unfavorable award. In failing to file such a petition, Defendant is now barred from requesting that this Court address its offset arguments.

Therefore, the Court grants Plaintiff's motion for summary judgment on this issue and Defendant is barred from asserting affirmative defenses in this action.

### c. **Attorney's Fees and Costs and Prejudgment Interest**

The Court reserves ruling on the issues of attorney's fees and costs and prejudgment interest. This portion of the motion is renoted for consideration on June 5, 2009.

### d. **Limitation of Discovery**

Plaintiff requests that the Court "limit discovery to the issues properly before the court for resolution." The Court, however, is uninformed as to what issues remain in light of this order. Therefore, the parties are ordered to file a joint brief on the issues of (1) what remains to be addressed by the Court in this matter and (2) why such issues should not be referred back to the arbitrator for resolution. The brief shall not exceed 10 pages

and shall be filed no later than June 5, 2009. Failure to file a brief may result in dismissal of this action.

C.  **Defendant's Motions**

In its response to Plaintiff's motion, Defendant requests that "the First Amended Complaint should be dismissed and the defendant should be awarded attorney's fees and costs in an amount to be determined following the hearing on this motion." Dkt. 18 at 6. First, all motions shall be filed and noted in accordance with Local Rule CR 7. Defendant's motion for summary judgment and motion for Rule 11 sanctions are improperly before the Court.

Second, Defendant failed to cite any authority in support of its opposition to Plaintiff's motion and then request sanctions because it considers Plaintiff's motion to be frivolous.

The Court considers these motions both improper and inappropriate.

## IV. ORDER

Therefore, it is hereby

**ORDERED** that Defendant's motions to strike are **DENIED as moot**, United Staff Nurses' Union Local 141's Motion for Partial Summary Judgment and to Limit Discovery (Dkt. 14) is **GRANTED in part** and **RENOTED in part** as stated herein, and the parties are ordered to file additional briefing as stated herein.

DATED this 26th day of May, 2009.

BENJAMIN H. SETTLE
United States District Judge