UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STAFF NURSES UNION,
LOCAL 141,

        Plaintiff,

  v.

PROVIDENCE ST. PETER HOSPITAL,

        Defendant.

CASE NO. C08-5703BHS

ORDER DENYING IN PART
PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY
JUDGMENT AND REMANDING
MATTER FOR FURTHER
CONSIDERATION

    This matter comes before the Court on Plaintiff's motion for partial summary judgment (Dkt. 14) and the parties' Court-requested joint brief (Dkt. 26). The Court has considered the pleadings filed in support of and in opposition to the motion, the joint brief, and the remainder of the file. The Court hereby denies the remainder of Plaintiff's motion and remands this matter to the arbitrator for further consideration.

## I. PROCEDURAL HISTORY

    On November 24, 2008, Plaintiff United Staff Nurses Union Local 141 filed a complaint against Defendant Providence St. Peter Hospital requesting that the Court confirm an arbitration award under a collective bargaining agreement. Dkt. 1. On December 12, 2008, Plaintiff filed an amended complaint. Dkt. 5.

    On February 2, 2009, Plaintiff filed a motion for partial summary judgment and to limit discovery. Dkt. 14. On May 4, 2009, Defendant responded, argued that Plaintiff's complaint and motion fail to meet Rule 11 standards, and requested an award of attorneys' fees and costs. Dkt. 18. On May 8, 2009, Plaintiff replied. Dkt. 21. On May

ORDER - 1

1  13, 2009, Defendant filed a surreply and moved to strike certain portions of Plaintiff's
2  reply brief. Dkt. 23.
3        On May 26, 2009, the Court granted in part Plaintiff's motion, renoted Plaintiff's
4  request for attorney fees and prejudgment interest, and requested additional briefing on
5  what matters remained to be addressed by the Court. Dkt. 25. On June 5, 2009, the
6  parties submitted a joint brief. Dkt. 26.

## II. FACTUAL BACKGROUND

This action arises out of an arbitrator's decision regarding one of Plaintiff's members, Ms. Janet Imus. On January 18, 2007, Plaintiff filed a grievance alleging that Defendant violated the parties' Collective Bargaining Agreement ("Agreement") by discharging Ms. Imus. Dkt. 5, ¶ 9. Plaintiff claims that Defendant denied the grievance and the matter was submitted to arbitration on March 21 and April 15, 2008. *Id*.

On July 18, 2008, Arbitrator Sylvia Skratek issued an opinion in favor of Ms. Imus. *Id*., Exh. B. Arbitrator Skratek framed the issue as follows: "Did the Employer have just cause to discharge the Grievant? If not, what is the apprpriate remedy?" *Id*. at 5. The arbitrator found that Defendant did not have sufficient cause to discharge Ms. Imus and awarded Ms. Imus reinstatement as well as "**any and all** lost wages and benefits." *Id*. at 18 (emphasis added). Arbitrator Skratek retained jurisdiction over the matter for a period of 30 days, which was extended to 60 days after a mutual request by the parties. Pursuant to the Agreement, the "arbitrator's decision shall be final and binding on all parties." Dkt. 5, Exh. A, Article 16.1, Step 4.

Plaintiff claims that Defendant "has not paid any monies owing to the grievant, Janet Imus pursuant to the make whole portion of the arbitrator's award." Dkt. 15, Declaration of James G. McGuinness, ¶ 3. Plaintiff also claims that Defendant "did not file an action or petition to vacate the arbitration award" and that Defendant did not "file an action to modify or clarify the award." *Id*., ¶ 4.

# III. DISCUSSION

The parties claim that the remaining issues before the Court are:

>(1) the specific amount of wages and benefits due to Ms. Imus under the arbitration award, and
>(2) whether there is any liability for lost wages and benefits incurred by Ms. Imus from the date the arbitration award was issued to the date of her reinstatement.

Dkt. 26 at 1-2.

The Court may remand an enforcement action to the arbitrator, if an interpretation of her remedy is required. *Sunshine Mining Co. v. United Steelworkers of America*, 823 F.2d 1289, 1295 (9th Cir. 1986); *Int'l Bhd. of Teamsters v. Silver Sate Disposal Serv., Inc.*, 109 F.3d 1409, 1411 (9th Cir. 1997).

In this case, the remaining issues revolve around what the arbitrator meant when she awarded Ms. Imus "any and all lost wages and benefits." Therefore, the Court remands this matter to the arbitrator to clarify her award.

In the previous order, the Court renoted Plaintiff's request for attorneys' fees and costs and for prejudgment interest. Dkt. 25 at 5. With regard to attorneys' fees, Plaintiff has failed to show that Defendant's dilatory actions rise to the level of an "unjustified refusal to abide by an arbitrator's award." *Int'l Union of Petroleum and Indus. Workers v. Western Indus. Maintenance, Inc.*, 707 F.2d 425, 427-428 (9th Cir. 1983). Therefore, the Court denies Plaintiff's request for attorneys' fees and costs.

With regard to prejudgment interest, the issue is within the discretion of the Court to be exercised by balancing the relative equities involved. *Wessel v. Buhler*, 437 F.2d 279, 284 (9th Cir. 1971). In this case, the Court finds that Plaintiff is not entitled to the equitable remedy of prejudgment interest on the still undetermined amount of her lost wages and benefits. Therefore, the Court denies Plaintiff's motion for summary judgment on this issue.

**IV. ORDER**

Therefore, it is hereby

**ORDERED** that United Staff Nurses' Union Local 141's Motion for Partial Summary Judgment and to Limit Discovery (Dkt. 14) is **DENIED in part** as stated herein and the matter is remanded to the arbitrator for further consideration.

DATED this 10th day of June, 2009.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4